S00Y1568. IN THE MATTER OF THOMAS L. BURTON.

(542 SE2d 504)

PER CURIAM.

This disciplinary matter is before the Court on the special master's decision and recommendation filed on April 20, 2000 pursuant to Bar Rule 4-217 (c). The special master's recommendation comes subsequent to the filing of a Stipulation of Facts by the State Bar and Respondent Thomas L. Burton, in which Burton admits violating Standards 23 (a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned); 44 (a lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him); and 68 (a lawyer shall not fail to respond in accordance with the State Disciplinary Board Rules to disciplinary authorities) of Bar Rule 4-102 (d). Based on the stipulations, the special master recommends that Burton be suspended from the practice of law in Georgia for a period of not less than 36 months for his unexplained violation of Standard 44 and that he receive a public reprimand for his violations of Standards 23 and 68 of Bar Rule 4-102 (d); that any reinstatement to the practice of law be conditioned on Burton's refunding to his client, prior to reinstatement, the $3,000 retainer paid by the client with interest thereon at the legal rate in place from the date the recommendation is accepted and made final; and that Burton be required to undertake a study of the ethical and professional considerations which govern the legal profession and to demonstrate to the satisfaction of the State Bar his ability to abide by those considerations. As neither Burton nor the State Bar has filed a request for a Review Panel review, both parties are deemed to

have waived any right they may have under the rules to file exceptions with or make request for oral argument to this Court pursuant to Bar Rule 4-217 (c).

This disciplinary matter arose from Burton's representation of a Florida resident who had entered a nolo contendere plea to a traffic citation for driving under the influence of alcohol. The client hired Burton in October 1995 to withdraw the plea; signed a fee contract; and gave Burton a check for $3,000 as a retainer. The fee contract established a fee of $1,000 for representation through an evidentiary hearing in the trial court, an additional $1,000 for any necessary appellate work, and $4,000 for representation at trial. Burton filed a motion to withdraw the nolo contendere plea but failed to take any further action on behalf of the client; failed to return calls and correspondence from the client and the client's Florida attorney requesting a status update; failed to notify the client when the motion to withdraw the plea was denied; and failed to return any of the $3,000 retainer.

In February 1997, subsequent to the filing of a grievance by the client, the State Bar served Burton with a Notice of Investigation. After Burton failed to respond to the Notice, this Court imposed an interim suspension on Burton on July 16, 1997, see S97Y1629 (interim suspension lifted on Sept. 10, 1997), and a Formal Complaint was brought by the State Bar in October 1997 alleging violations by Burton of Standards 23, 44, and 68 of Bar Rule 4-102 (d). Burton subsequently filed the aforementioned stipulation of facts, which was agreed to by the State Bar, and on which the special master recommended the above stated disciplinary action.

We have reviewed the record and agree with the special master's findings and the majority of his recommendations. We do not agree, however, that both a suspension and a public reprimand are appropriate sanctions to be imposed for violations contained in a single grievance. Accordingly, Burton is suspended from the practice of law in this State for a period of 36 months with reinstatement premised on the following conditions: prior to reinstatement, Burton shall refund to his client the $3,000 retainer paid by the client with interest thereon at the legal rate in place from the date of this opinion and shall complete an ethics class approved by the State Bar and certify to this Court that he has satisfied those conditions.

Burton is reminded of his duties under Bar Rule 4-219 (c).

*Thirty-six month suspension, with conditions for reinstatement. All the Justices concur.*

DECIDED FEBRUARY 16, 2001.

*William P. Smith III, General Counsel State Bar, K. Gene Chap-*

*man, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Head, Thomas, Webb & Willis, Dawn D. Ballard*, for Burton.